UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

**STEVEN J. RITTENHOUSE**　　　　　　　　　　　Case No. 10-38603-KRH
**and JACQUELINE A. RITTENHOUSE,**

　　Debtors.　　　　　　　　　　　　　　　　　　Chapter No. 13


**BRANCH BANKING & TRUST COMPANY OF VIRGINIA,**

　　Plaintiff,

v.

**STEVEN J. RITTENHOUSE,**
**JACQUELINE A. RITTENHOUSE**
**and CARL M. BATES, Trustee,**

　　Defendants.


## AMENDED CONSENT ORDER GRANTING CONDITIONAL RELIEF FROM STAY AND ORDER AUTHORIZING SUBSTITUTION OF COLLATERAL

**CAME** the parties on this day upon the Motion for Relief from Stay filed on behalf of Branch Banking & Trust Company of Virginia ("BB&T") and the Motion to Approve of Cash Collateral and Substitution of Collateral filed by the Debtor, and it appearing that all parties are in agreement, and for good cause shown, it is:

**ADJUDGED AND ORDERED** that the Debtor shall file a Modified Chapter 13 Plan within twenty (20) days from the date of entry of this Order which Plan will provide for a secured claim to be paid to BB&T in the amount of $12,603.09, to be paid with interest at the rate of 4.25% per annum and secured by a lien on a 2008 Chrysler Town & Country, VIN: 2A8HR44H48R141051 ("Vehicle").

**Deborah S. Kirkpatrick, Esq.**
VSB #32987
P.O. Box 10275
Virginia Beach, VA  23450-0275
(757) 233-0281
**Counsel for Branch Banking & Trust Company of Virginia**

**IT IS FURTHER ORDERED** that the Vehicle is being substituted as collateral for the existing debt owed to BB&T and is being purchased using insurance proceeds in the amount of $12,603.09 ("Insurance Proceeds") arising from an accident involving the Debtors 2006 Dodge Grand Caravan, VIN: 2D4GP44L564883522, which vehicle served as collateral under the original note referenced in the Motion filed herein.

**IT IS FURTHER ORDERED** that the Insurance Proceeds may only be used to purchase the Vehicle described herein and no other vehicle.

**IT IS FURTHER ORDERED** that the Debtors shall execute a new Retail Installment Sales Contract ("Note") in connection with the purchase of the Vehicle in the amount and interest rate set forth herein, which term shall be no longer than the Debtors' Plan, and the Note shall be assigned to BB&T at the time of purchase.

**IT IS FURTHER ORDERED** that BB&T's lien on the Vehicle shall be perfected and a Certificate of Title issued within twenty (20) days from the date of execution of the Note and prior to Plan confirmation.

**IT IS FURTHER ORDERED** that the Debtors shall remain current on all Chapter 13 Plan payments to the Trustee as they come due and shall be considered in default under the same should they fall more than sixty (60) days past due.

**IT IS FURTHER ORDERED** that in the event the Debtors default in payment under their Chapter 13 Plan or any modifications thereto, then BB&T shall provide the Debtors and Debtors' counsel with a Notice of the Default and the Debtors shall have ten (10) days from the date of Notice to cure the default, and failing same, the Automatic Stay imposed by 11 U.S.C. § 362 shall be hereby modified without the necessity of further notice or hearing, and BB&T shall be hereby permitted to exercise its state law remedies as to the Vehicle.

**IT IS FURTHER ORDERED** that the requirement of BB&T to send a Notice of Default hereunder shall be limited to one (1) notice every twelve (12) months, and no more than a total of

2

five (5) notices over the life of the Plan, such that in the event the Debtors default more than once in a twelve (12) month period or more than five (5) times during the life of the Plan, no further notices shall be required and relief hereunder shall be automatic.

**IT IS FURTHER ORDERED** that in the event the Vehicle is not purchased and a successful substitution of collateral is not made pursuant to the terms set forth herein within a period of twenty (20) days from the date of entry of this Order, then the Automatic Stay imposed by 11 U.S.C. § 362 shall be hereby modified without the necessity of further notice or hearing, and BB&T shall be hereby permitted to exercise its state law remedies as to the Insurance Proceeds and apply the same toward its secured debt, with any deficiency balance to be treated as an unsecured claim in the instant case.

**IT IS FURTHER ORDERED** that a copy of this Order be transmitted to Deborah S. Kirkpatrick, Esq., P.O. Box 10275, Virginia Beach, VA 23450-0275; Steven J. and Jacqueline A. Rittenhouse, 12113 Point Trace Ct., Midlothian, VA 23112; Jason Krumbein, Esq., 1650 Willow Lawn Dr., Suite 300, Richmond, VA 23230; and Carl M. Bates, Trustee, P.O. Box 1819, Richmond, VA 23218.

.

    **ENTER:** This ___ day of _____, 20110.

                                                _____
                                                Kevin R. Huennekens, Judge
                                                United States Bankruptcy Court
                                             Eastern District of Virginia

At:    Richmond, Virginia

I ASK FOR THIS:

/s/ Deborah S. Kirkpatrick
Deborah S. Kirkpatrick, Esq., Counsel for
Branch Banking & Trust Company of Virginia

3

SEEN AND AGREED:


/s/ Jason Krumbein
Jason Krumbein, Esq., Counsel for Debtor

SEEN:


/s/ Carl M. Bates
Carl M. Bates, Trustee


## CERTIFICATE OF ENDORSEMENT

      I hereby certify that the foregoing Order is a deviation from the form order required by Administrative Order 10-2 and was approved by this Court at the hearing held on March 30, 2011, and further that the Order has been endorsed by all necessary parties as required by Bankruptcy Rule 9022 who are as follows: Deborah S. Kirkpatrick, Esq., P.O. Box 10275, Virginia Beach, VA 23450-0275; Jason Krumbein, Esq., 1650 Willow Lawn Dr., Suite 300, Richmond, VA 23230; and Carl M. Bates, Trustee, P.O. Box 1819, Richmond, VA 23218.

                                                /s/ Deborah S. Kirkpatrick